UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DAN BROWN and RANDOM HOUSE, INC.,         MEMORANDUM DECISION
                                                           AND ORDER
                          Plaintiffs,                      04 Civ. 7417 (GBD)

               -against-

LEWIS PERDUE,

                     Defendant.
-------------------------------------------------------------------x
LEWIS PERDUE,

                   Counterclaimant,

               -against-

DAN BROWN, RANDOM HOUSE, INC.,
COLUMBIA PICTURES INDUSTRIES, INC.,
SONY PICTURES ENTERTAINMENT, INC.,
SONY PICTURES RELEASING CORPORATION, and
IMAGINE FILMS ENTERTAINMENT LLC,

               Counterclaim Defendants.
-------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

     Dan Brown and Random House, Inc. ("Plaintiffs") brought this action seeking a

declaratory judgment that the book, *The Da Vinci Code*, did not infringe on copyrights owned by

Lewis Perdue for his books *Daughter of God* and *The Da Vinci Legacy*.  Perdue counterclaimed,

alleging copyright infringement against Plaintiffs and Columbia Pictures Industries, Inc., Sony

Pictures Entertainment, Inc., Sony Pictures Releasing Corporation, and Imagine Films

Entertainment (collectively "Counterclaim Defendants").

     After this Court granted summary judgment in favor of Plaintiffs, see Brown v. Perdue,

No. 04 Civ. 7417, 2005 WL 1863673 (S.D.N.Y. Aug. 4, 2005), aff'd Dan Brown and Random

House, Inc. v. Perdue, No. 05-4840-CV, 2006 WL 1026098 (2d Cir. Apr. 18, 2006), all

Counterclaim Defendants, except Brown, filed a motion for attorney's fees and costs, pursuant to

17 U.S.C. § 505 and Fed. R. Civ. P. 54(d).  That motion was referred by this Court to Magistrate

Judge Kevin N. Fox for a Report and Recommendation ("Report").

Magistrate Judge Fox recommended that the request for attorney's fees be denied, but that

costs be awarded in the amount of $256.13.  Magistrate Judge Fox reasoned that attorney's fees

were not warranted in this case because, although ultimately rejected by this Court, Perdue's

claim was not objectively unreasonable and there was no evidence that Perdue pursued his claims

with an improper motive and/or in bad faith.  As such, the Report concluded, an award of

attorney's fees would not further the objectives of the Copyright Act.  Magistrate Judge Fox did,

however, recommend that costs be awarded in the amount of $256.13, finding no reason to

ignore the dictates of Fed. R. Civ. P. 54(d).[1]

The Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within the Report.  28 U.S.C. § 636(b)(1).  When there are objections

to the Report, the Court must make a *de novo* determination of those portions of the Report to

which objections are made.  Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006).

When no objections to a Report are made, the Court may adopt the Report if "there is no clear

error on the face of the record."  Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253

(S.D.N.Y. 2005) (citation omitted).  Magistrate Judge Fox advised the parties that failure to file

timely objections to the Report would result in a waiver of those objections and preclusion of

---

[1]Rule 54 states, in relevant part, that unless "express provision therefor is made either in a statute of the United States or these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  Fed. R. Civ. P. 54(d).

appellate review.  Neither party filed objections and the time to do so has expired.

Under the Copyright Act, a prevailing party may be awarded reasonable attorney's fees and all costs incurred in pursuing it's claim.  See 17 U.S.C. § 505.  The decision to award fees and costs rests within the sound discretion of the trial court.  Fogarty v. Fantasy, Inc., 510 U.S. 517, 533 (1994).  In deciding whether to award attorney's fees and costs, the court should consider certain nonexclusive factors, such as the frivolousness and objective unreasonableness (both in the factual and in the legal components of the case) of the claim, the losing party's motivation in bringing it's claim, and the need in particular circumstances to advance considerations of compensation and deterrence.  Id. at 534 n.19.

Here, Perdue's counterclaim, although rejected by this Court, was not "patently devoid of legal or factual basis [so that it] ought to be deemed objectively unreasonable."  Penguin Books U.S.A., Inc. V. New Christian Church of Full Endeavor, Ltd., No. 96 Civ. 4126, 2004 WL 728878, *3 (S.D.N.Y. Apr. 6, 2004).  Moreover, there was no evidence that Perdue asserted his counterclaim in bad faith or with an improper motive.  Therefore, the Report's recommendation that the request for attorney's fees be denied is not clearly erroneous.

Under Rule 54(d), costs "shall be allowed as of course" unless a federal statute, rule, or the court directs otherwise.  Fed. R. Civ. P. 54(d).  Here, an award of costs is appropriate.

Accordingly, the Court adopts the Report in its entirety.  The motion for attorney's fees filed by Random House, Inc. and Columbia Pictures Industries, Inc., Sony Pictures Entertainment, Inc., Sony Pictures Releasing Corporation, and Imagine Films Entertainment is DENIED.  Their request for costs in the amount of $256.13 is GRANTED.

Dated: New York, New York
       September 15, 2006

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

3